## IN THE STATE COURT GWINNETT COUNTY
### STATE OF GEORGIA

Tiana P. Garner  CLERK OF STATE COURT

| | | |
|---|---|---|
| TIERRE FORD and AKILAH FORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.  **21-C-00450-S2** |
| PROGRESSIVE MOUNTAIN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

---

### COMPLAINT

---

Plaintiffs bring this Complaint to recover damages as follows:

### PARTIES, JURISDICTION AND VENUE

#### 1.

Plaintiff Tierre Ford and his wife Plaintiff Akilah Ford (collectively as "Plaintiffs") reside in McDonough, Georgia.  By filing this lawsuit, Plaintiffs submit to the jurisdiction of this Court and to venue in Gwinnett County.

#### 2.

Defendant Progressive Mountain Insurance Company ("Progressive Insurance") is a foreign insurance company that transacts business in Georgia for profit. Progressive Insurance can be served through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

#### 3.

Progressive Insurance is subject to direct action pursuant to O.C.G.A. § 40-2-140.



4.

Progressive Insurance is subject to direct action pursuant to O.C.G.A. § 40-1-112.

5.

This Court has personal jurisdiction over Progressive Insurance.

6.

This Court has jurisdiction over the subject matter of this lawsuit.

7.

Venue is proper in Gwinnett County.

## **FACTS**

8.

Plaintiffs reassert the preceding paragraphs as if fully restated here.

9.

This case arises out of a rear-end crash that occurred on March 11, 2020 while Plaintiff Tierre Ford and Victavious Davis ("Davis") were driving separate tractor-trailers in the same direction on I-675.

10.

When traffic ahead slowed, Davis drove his tractor-trailer into the back of the vehicle that Plaintiff Tierre Ford was driving ("the Crash").

11.

Davis lost control of his tractor-trailer during the Crash and then, as shown in the photograph below, Davis flipped his tractor-trailer on its side and knocked down several trees while sliding to an uncontrolled stop in the woods near the roadway:



12.

Q. Davis Trucking, LLC ("Davis Trucking") owned the tractor-trailer that Davis was driving at the time of the Crash.

13.

Davis Trucking had commercial auto insurance coverage through Progressive Insurance under Policy No. 00359154-1 ("the Insurance Policy").

14.

The Insurance Policy was in effect at the time of the Crash.

15.

Davis Trucking was insured under the Insurance Policy at the time of the Crash.

16.

Davis was insured under the Insurance Policy at the time of the Crash.

17.

The Crash is a covered event under the Insurance Policy.

## RESPONDEAT SUPERIOR

18.

Plaintiffs reassert the preceding paragraphs as if fully restated here.

19.

Davis was an employee of Davis Trucking at the time of the Crash.

20.

Davis was acting within the course and scope of his employment with Davis Trucking at the time of the Crash.

21.

Davis was an agent of Davis Trucking at the time of the Crash.

22.

Davis was acting within the course and scope of an agency relationship with Davis Trucking at the time of the Crash.

23.

Davis Trucking is vicariously liable to Plaintiffs for Davis' negligent acts and omissions in causing the Crash.

## DIRECT ACTION COUNT ONE

24.

Plaintiffs reassert the preceding paragraphs as if fully restated here.

25.

Davis owed a duty to Plaintiff Tierre Ford to exercise reasonable care while Davis was operating a motor vehicle.

26.

Davis was negligent and failed to exercise reasonable care in at least one of the following ways:

a.    following too closely behind Plaintiff Tierre Ford;

b.    failing to operate a motor vehicle with ordinary diligence; and/or

c.    failing to maintain a proper lookout while driving.

27.

Davis' negligence proximately caused Plaintiff Tierre Ford to incur special damages.

28.

Davis' negligence proximately caused Plaintiff Tierre Ford to suffer general damages.

29.

Davis' negligence proximately caused Plaintiff Akilah Ford to suffer a compensable loss of consortium.

30.

Progressive Insurance is liable to Plaintiff Tierre Ford for, and responsible for payment of, his special damages that were proximately caused by Davis' negligent acts and omissions.

31.

Progressive Insurance is liable to Plaintiff Tierre Ford for, and responsible for payment of, his general damages that were proximately caused by Davis' negligent acts and omissions.

32.

Progressive Insurance is liable to Plaintiff Akilah Ford for, and responsible for payment of, her loss of consortium that was proximately caused by Davis Trucking's negligent acts and omissions.

## DIRECT ACTION COUNT TWO

33.

Plaintiffs reassert the preceding paragraphs as if fully restated here.

34.

Davis owed a duty to Plaintiff Tierre Ford to operate a motor vehicle in accordance with the Uniform Rules of the Road as codified in O.C.G.A. § 40-6-1 *et seq.*

35.

Davis was negligent *per se* in that he followed Plaintiff's vehicle more closely than was reasonable and prudent without due regard for the speed of their vehicles and the traffic upon and condition of the highway, which was in violation of O.C.G.A. § 40-6-49(a).

36.

Davis' negligence *per se* proximately caused Plaintiff Tierre Ford to incur special damages.

37.

Davis' negligence *per se* proximately caused Plaintiff Tierre Ford to suffer general damages.

38.

Davis' negligence *per se* proximately caused Plaintiff Akilah Ford to suffer a compensable loss of consortium.

39.

Progressive Insurance is liable to Plaintiff Tierre Ford for, and responsible for payment of, his special damages that were proximately caused by Davis' *per se* negligent acts and omissions.

40.

Progressive Insurance is liable to Plaintiff Tierre Ford for, and responsible for payment of, his general damages that were proximately caused by Davis' *per se* negligent acts and omissions.

41.

Progressive Insurance is liable to Plaintiff Akilah Ford for, and responsible for payment of, her loss of consortium that was proximately caused by Davis' *per se* negligent acts and omissions.

## **DAMAGES**

42.

Plaintiffs reassert the preceding paragraphs as if fully restated here.

43.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff Tierre Ford states that he has incurred special damages in the form of past medical bills in excess of $500,000.00 as a direct and proximate result of the Crash.

44.

Plaintiff Tierre Ford has endured, and will continue to endure, pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life, diminished capacity to labor, and other general damages, the amounts of which are for the jury to determine.

45.

Plaintiff Akilah Ford has been, and will continue to be, deprived of the society, companionship, love, affection, sexual relations, aid, household labor, cooperation, comfort, and other matters of value arising from marriage to Plaintiff Tierre Ford as a direct and proximate result of the Crash.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

a)    that Summons issue and service be perfected upon Progressive Insurance requiring it to appear and answer this Complaint;

b)    that Plaintiffs have a trial by a twelve-person jury;

c)    that a judgment be entered in Plaintiffs' favor;

d)    that Plaintiff Tierre Ford recover his past and future special damages in amounts to be proven at trial;

e)    that Plaintiff Tierre Ford recover for his past and future general damages in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury;

f)    that Plaintiff Akilah Ford recover for her past and future loss of consortium in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury;

g)    that all costs of this action are taxed against Progressive Insurance; and

h)    for such further relief as the Court deems fair and appropriate.

This the 20th day of January, 2021.

**ILARDI LAW, LLC**

*/s/ Frank A. Ilardi*
Frank A. Ilardi
Georgia Bar No. 382028
Counsel for Plaintiffs

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone / Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-00450-S2**
**1/27/2021 1:44 PM**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

*Tiana* CLERK OF STATE COURT

TIERRE FORD and AKILAH FORD,

      *Plaintiffs,*

   v.

PROGRESSIVE MOUNTAIN INSURANCE
COMPANY,

      *Defendant.*

Civil Action No. 21-C-00450-S2

---

## AFFIDAVIT OF SERVICE UPON
## PROGRESSIVE MOUNTAIN INSURANCE COMPANY

---

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

### 1.

Affiant states that he is over 18 years of age, a citizen of the United States, and not related to the parties herein. The statements are true and correct and based upon my personal knowledge. I am appointed to serve in the State Court of Gwinnett County.

### 2.

On January 26, 2021, at 11:15 a.m., I served PROGRESSIVE MOUNTAIN INSURANCE COMPANY by leaving a copy of a SUMMONS, COMPLAINT, and PLAINTIFF TIERRE FORD'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS TO DEFENDANT PROGRESSIVE MOUNTAIN INSURANCE COMPANY, in the above-styled action, with LINDA BANKS, who is expressly authorized to accept service on behalf of CT CORPORATION, the Registered Agent

Page 1 of 2

of PROGRESSIVE MOUNTAIN INSURANCE COMPANY, served at 289 S. Culver Street, Lawrenceville, GA 30046.

3.

LINDA BANKS is a Caucasian female, approximately 60-years-old, 5'4" and 155 lbs. with gray hair.

4.

LINDA BANKS had me register the above-styled case into a form on a clipboard, identifying the party to be served and noting the time. I then handed her the papers, and I left.

Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This 27th day of January 2021

Notary Public

ASHI DHINGRA
Notary Public, Fulton Co., Georgia
My Commission Expires 2-24-2024

Page 2 of 2

Copy from re:SearchGA

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-00450-S2**
**2/18/2021 2:25 PM**

## IN THE STATE COURT OF GWINNETT COUNTY

*Tiana* CLERK OF STATE COURT

### STATE OF GEORGIA

|  |  |  |
|---|---|---|
| TIERRE FORD and AKILAH FORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 21-C-00450-S2 |
| PROGRESSIVE MOUNTAIN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENSES AND ANSWER

COMES NOW, Defendant PROGRESSIVE MOUNTAIN INSURANCE COMPANY, appearing specially and without submitting to the jurisdiction and venue of this Court, and files this its Defenses and Answer to Plaintiffs' Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to Defendant.

### THIRD DEFENSE

Venue is improper as to Defendant.

### FOURTH DEFENSE

Plaintiffs' Complaint constitutes an improper direct action against Defendant.

## FIFTH DEFENSE

## ANSWER

Defendant responds to the allegations of Plaintiffs' Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant admits the averments contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiffs' Complaint.

8.

Defendant incorporates by reference its responses to paragraphs 1-7 of Plaintiffs' Complaint as if fully set forth herein below.

9.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiffs' Complaint.

10.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendant admits the averments contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant admits the averments contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant admits the averments contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant admits the averments contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of Plaintiffs' Complaint.

18.

Defendant incorporates by reference its responses to paragraphs 1-17 of Plaintiffs' Complaint as if fully set forth herein below.

19.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant incorporates by reference its responses to paragraphs 1-23 of Plaintiffs' Complaint as if fully set forth herein below.

25.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of Plaintiffs' Complaint.

27.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the averments contained in paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the averments contained in paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the averments contained in paragraph 32 of Plaintiffs' Complaint.

33.

Defendant incorporates by reference its responses to paragraphs 1-32 of Plaintiffs' Complaint as if fully set forth herein below.

34.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of Plaintiffs' Complaint.

35.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of Plaintiffs' Complaint.

36.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of Plaintiffs' Complaint.

37.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 37 of Plaintiffs' Complaint.

38.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the averments contained in paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the averments contained in paragraph 40 of Plaintiffs' Complaint.

41.

Defendant denies the averments contained in paragraph 41 of Plaintiffs' Complaint.

42.

Defendant incorporates by reference its responses to paragraphs 1-41 of Plaintiffs' Complaint as if fully set forth herein below.

43.

Defendant denies the averments contained in paragraph 43 of Plaintiffs' Complaint.

44.

Defendant denies the averments contained in paragraph 44 of Plaintiffs' Complaint.

45.

Defendant denies the averments contained in paragraph 45 of Plaintiffs' Complaint.

## **SIXTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiffs' Complaint.  Any allegations or averments contained in Plaintiffs' Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant PROGRESSIVE MOUNTAIN INSURANCE COMPANY, having fully answered, demands that it be discharged with all costs cast upon the Plaintiffs.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**


By:    /s/ R. Christopher Harrison
             R. CHRISTOPHER HARRISON
             Georgia State Bar No. 333199
             harrison@downeycleveland.com
             Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Frank A. Ilardi, Esq.
Ilardi Law, LLC
1201 Peachtree Street, NE, Ste. 2000
Atlanta, Ga 30361

This 18ᵗʰ day of February, 2021.

**DOWNEY & CLEVELAND, LLP**

By:   /s/ R. Christopher Harrison
        R. CHRISTOPHER HARRISON
        Georgia State Bar No. 333199

GEORGIA



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **PROGRESSIVE MOUNTAIN INSURANCE COMPANY** | Control Number: | **0596679** |
| Business Type: | **Foreign Insurance Company** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **6300 Wilson Mills Road, Mayfield Village, OH, 44143, USA** | Date of Formation / Registration Date: | **1/27/2005** |
| Jurisdiction: | **Ohio** | Last Annual Registration Year: | **2020** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **C T CORPORATION SYSTEM** |
| Physical Address: | **289 S Culver St, Lawrenceville, GA, 30046-4805, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Mark D. Niehaus | CEO | 6300 Wilson Mills Road, Mayfield Village, OH, 44143, USA |
| Patrick S Brennan | CFO | 6300 Wilson Mills Road, Mayfield Village, OH, 44143, USA |
| Peter J. Albert | Secretary | 6300 Wilson Mills Road, Mayfield Village, OH, 44143, USA |

Back       Filing History      Name History

Return to Business Search



EXHIBIT
B

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| TIERRE FORD and AKILAH FORD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 21-C-00450-S2 |
| PROGRESSIVE MOUNTAIN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION**
**TO UNITED STATES DISTRICT COURT**

TO:   THE CLERK OF THE STATE COURT
        GWINNETT COUNTY, GEORGIA

PLEASE TAKE NOTICE that on February 19, 2021, Defendant PROGRESSIVE

MOUNTAIN INSURANCE COMPANY in this action filed in the United States District Court

for the Northern District of Georgia its Notice of Removal of this civil action. A copy of said

Notice of Removal is attached as Exhibit "A".

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of that

Notice of Removal in the United States District Court, together with the filing of a copy of the

Notice of Removal with this Court, effectuates the removal of this action and the above-captioned

Court may proceed no further unless and until the case is remanded.

This 19th day of February, 2021.

*[Signature on next page]*



Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   <u>/s/ R. Christopher Harrison</u>
       R. CHRISTOPHER HARRISON
       Georgia State Bar No. 333199
       harrison@downeycleveland.com
       Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

      Frank A. Ilardi, Esq.
      Ilardi Law, LLC
      1201 Peachtree Street, NE
      Suite 2000
      Atlanta, Ga 30361

This 19th day of February, 2021.

                **DOWNEY & CLEVELAND, LLP**

                By:   /s/ R. Christopher Harrison
                        R. CHRISTOPHER HARRISON
                        Georgia State Bar No. 333199

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Frank A. Ilardi, Esq.
Ilardi Law, LLC
1201 Peachtree Street, NE
Suite 2000
Atlanta, Ga 30361

This 19th day of February, 2021.

**DOWNEY & CLEVELAND, LLP**

By:   <u>/s/ R. Christopher Harrison</u>
      R. CHRISTOPHER HARRISON
      Georgia State Bar No. 333199

9